**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC CAPITAL CORPORATION,<br><br>    Defendant. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Joao Bock Transaction Systems, LLC (hereinafter, "Plaintiff" or "JBTS"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Defendant General Electric Capital Corporation (hereinafter, "Defendant" or "GE Capital") as follows:

**NATURE OF THE ACTION**

1.    This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 7,096,003 entitled "Transaction Security Apparatus" (hereinafter, the "'003 Patent" or the "Patent-in-Suit; a copy of which is attached hereto as **Exhibit A**).

**PARTIES**

2.    JBTS is a Limited Liability Company organized under the laws of the State of Delaware and with its principal place of business located at 116 Sweetfield Circle, Yonkers, New York 10704.  Plaintiff is the owner of the Patent-in-Suit, and possesses all rights thereto,

including the right to exclude the Defendant from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patent-in-Suit, the right to license the Patent-in-Suit, and to sue the Defendant for infringement and recover past damages.

3. Upon information and belief, GE Capital is a corporation organized and existing under the laws of the State of Delaware with it principal place of business located at 901 Main Avenue, Norwalk, Connecticut. Upon information and belief, GE Capital provides private label credit cards and similar financing tools wherein GE Capital offers, distributes and provides online account access with alerts to account holders. GE Capital may be served through its agent for service of process: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant is present within or has minimum contacts within the State of Delaware and the District of Delaware; Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in the District of Delaware; Defendant has sought protection and benefit from the laws of the State of Delaware; Defendant regularly conducts business within the State of Delaware and within the District of Delaware, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware and in the District of Delaware.

6. More specifically, Defendant, directly and/or through its intermediaries, makes, ships, distributes, uses, offers for sale, sells, and/or advertises (including via the provision of an interactive web page) its products and services in the United States, the State of Delaware, and the District of Delaware, which products and services infringe the '003 Patent.  Upon information and belief, Defendant has committed patent infringement in the State of Delaware and in the District of Delaware.  Defendant solicits customers for its products and services in the State of Delaware and in the District of Delaware.  Defendant has many paying customers who are residents of the State of Delaware and the District of Delaware and who use Defendant's products and services in the State of Delaware and in the District of Delaware.

7. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 7,096,003

8. Plaintiff re-alleges and incorporates by reference each of Paragraph 1-7 above.

9. The '003 Patent was duly and legally issued by the United States Patent and Trademark Office to Mr. Joao and Mr. Bock on August 22, 2006 after full and fair examination. Mr. Joao and Mr. Bock assigned all rights, title and interest in and to the '003 Patent to JBTS, giving JBTS the right to exclude Defendant from making, using, selling, offering to sell or importing in this district and elsewhere in the United States the patented invention(s) of the '003 Patent, and the right to sublicense the '003 Patent, collect damages and initiate lawsuits against the Defendant.  The '003 Patent is in full force and effect.

10. On information and belief, Defendant owns, operates, advertises, implements, and controls its website, www.gogecapital.com, to support its products and services that infringe the

'003 Patent including but not limited to: Consumer online payments, eBills, and its computer platforms used to provide, distribute and utilize these services (the "Accused Products and Services").

11. Plaintiff is informed and believes that Defendant infringes the '003 Patent either literally or under the doctrine of equivalents. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '003 Patent by making, using, selling, offering for sale, advertising and providing (directly or through intermediaries) a transaction security apparatus as claimed in the '003 Patent. Specifically, Defendant offers products and services such as but not limited to the Accused Products and Services, supported and implemented by way of Defendant's computer systems, functionality modules and interactive websites and web services which use and/or are transaction security apparatuses. The transaction security apparatuses have a processing device that processes information regarding transactions on a customer's account(s) (including but not limited to a bank checking account, savings account, automated teller machine account, or credit card account). Some of the transaction security apparatuses have a receiver for receiving information regarding transactions on, and uses of, the account. Some of the transaction security apparatuses include and/or are connected to an input device including a user interface or point of sale terminal where transaction information is entered into, or automatically captured by, the transaction security apparatus. The receiver can receive information from Defendant's customers, customers of its customers, and other computer interfaces of the computer system (i.e., payment processing platform interfaces). The receiver can also receive information from external computer systems connected to Defendant's transaction security apparatus. Some of Defendant's transaction security apparatuses store information regarding a customer's account preferences and when a

customer wants to receive notifications regarding account activity. Some of Defendant's transaction security apparatuses have a transmitter for transmitting information regarding its business operations (i.e., account activity, transactions, transaction processing). Defendant's transaction security apparatuses utilize the processing device for managing the flow of information and for executing programs to process the information. Some of the transaction security apparatuses have a processing device that is/are capable of determining whether to "allow" or "disallow" a transaction, and capable of generating a signal having information about the transaction. Some of the transaction security apparatuses have a processing device that is capable of generating an electronic notification regarding activity on a customer's account. Some of Defendant's transaction security apparatuses have a transmitter that transmits the signal to the customer notifying the customer of the activity. These activities and processing take place in this district and elsewhere in the United States, enabled by and accessed through Defendant's website, www.gogecapital.com.

12.    Upon information and belief, Defendant has knowingly and intentionally induced and continues to induce infringement of one or more claims of the '003 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, aided, abetted and otherwise caused its customers to use a system which includes a transaction security apparatus, said system having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers. Defendant has had knowledge of its infringement upon filing of the original complaint at the very latest. Upon information and belief, Defendant has specifically intended that its customers use the Accused Products and Services that infringe the '003 Patent by, at a minimum, providing access to, support for, training and instructions for, said transaction security apparatus and the

Accused Products and Services to its customers to enable said customers to use said apparatus, products and services in such a way that infringes the '003 Patent; and Defendant knew that these actions, would induce, have induced, and will continue to induce infringement by its customers.  Even where performance of the steps required to infringe one or more claims of the '003 Patent is accomplished by the Defendant and Defendant's customer jointly, Defendant's actions have intentionally and solely caused all of the steps to be performed.

13.   Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '003 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use a system which includes a transaction security apparatus, said system having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers by importing, offering to sell, and/or selling (directly or through intermediaries), to its customers, the Accused Products and Services and its transaction security apparatus covered by the '003 Patent, which Accused Products and Services constitute a material part of the invention, and further that Defendant's customers have utilized said systems in a manner that infringes one or more claims of the '003 Patent. Defendant has had knowledge of its infringement upon filing of the original complaint at the very latest. Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use its transaction security apparatus and the Accused Products and Services in such a way that infringes the '003 Patent by, at minimum, providing access to, support for, and training and instructions for said apparatus, products, systems and services, that infringe the '003 Patent, and knew and/or knows that its transaction security apparatus and the Accused Products and Services are especially made and/or adapted for

user(s) to infringe one or more claims of the '003 Patent and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use. Even where performance of the steps required to infringe one or more claims of the '003 Patent is accomplished by the Defendant and Defendant's customer jointly, Defendant's actions have intentionally and solely caused all of the steps to be performed.

14. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

15. Despite its knowledge of the '003 Patent, and without a reasonable basis for continuing its infringing activities, on information and belief, Defendant continues to willfully infringe the '003 Patent.

16. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

17. Defendant's infringement of Plaintiff's rights under the '003 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## **JURY DEMAND**

18. Plaintiff demands a trial by jury on all issues.

## **PRAYER FOR RELIEF**

19. Plaintiff respectfully requests the following relief:

   A. An adjudication that one or more claims of the Patent-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

   B. An adjudication that Defendant has induced infringement of one or more claims of the Patent-in-Suit by Defendant's customers;

   C. An adjudication that Defendant has contributed to infringement of one or more claims of the Patent-in-Suit by Defendant's customers;

   D. An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

   E. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement with respect to the claims of the Patent-in-Suit;

   F. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

   G. Any further relief that this Court deems just and proper.

Dated April 23, 2014

                                **STAMOULIS & WEINBLATT LLC**

                                 /s/ *Stamatios Stamoulis*
                                Stamatios Stamoulis (#4606)
                                stamoulis@swdelaw.com
                                Richard C. Weinblatt (#5080)
                                weinblatt@swdelaw.com
                                Two Fox Point Centre
                                6 Denny Road, Suite 307
                                Wilmington, Delaware 19809
                                Telephone: (302) 999-1540

                                **HENINGER GARRISON DAVIS, LLC**
                                Steven W. Ritcheson, *Pro Hac Vice* anticipated
                                9800 D Topanga Canyon Blvd. #347
                                Chatsworth, California 91311
                                Telephone: (818) 882-1030
                                Facsimile: (818) 337-0383
                                Email: swritcheson@hgdlawfirm.com

                                **HENINGER GARRISON DAVIS, LLC**
                                Maureen V. Abbey, *Pro Hac Vice* anticipated
                                220 St. Paul Street
                                Westfield, New Jersey 07090
                                Telephone: (908) 379-8475
                                Facsimile: (205) 326-3332
                                Email: maureen@hgdlawfirm.com


                                **Attorneys for Plaintiff**
                                **Joao Bock Transaction Systems, LLC**